UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARMAINE NICOLE HATLEY,   )
   Plaintiff,                            )
                                                    )
vs.                                              )       Case No. 23-2044
                                                    )
KERRY HARRIS, et. al.,               )
   Defendants                       )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims Defendants Correctional Officers Kerry Harris, Bobby Mae Harbacek, and Lori Bernerdi; Captain Kevin Maskel; Sheriff Pat Harshorn; and Sergeant Kelsey Ward violated her constitutional rights at the Vermillion County Jail.

It is difficult to read Plaintiff's complaint since she has written two to three lines in a space for one. Portions of the document are eligible. Plaintiff begins her complaint listing conditions at the Vermillion County jail including black mold, dried blood, a lack of cleaning supplies, and a day when sewage flooded her cell. However, Plaintiff mentions officers which are not named as Defendants.

1

The Court is unable to decipher the middle section of Plaintiff's complaint and what claims she intended to state. Plaintiff mentions a variety of topics including potential racial issues, her bond hearing, a video recording, verbal comments, a failure to provide adequate supplies for her menstruation, etc.

Plaintiff concludes with a claim alleging Defendant Harris used a taser against her on June 30, 2022, when Plaintiff was handcuffed and not resisting the officer. Plaintiff has adequately alleged the Defendant used excessive force against her and may proceed with this claim.

However, Plaintiff clearly intended to allege other claims, but it is unclear if she can pursue those claims in one complaint. A plaintiff may not combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Therefore, before proceeding with the claim against Defendant Harris, the Court will allow Plaintiff one opportunity to file an amended complaint clarifying her intended claims and Defendants and deciding which claim or claims she wishes to pursue in this lawsuit.

Plaintiff is advised she must use the lines provided on the complaint form and write only one sentence on each line. If Plaintiff needs additional paper, she must again leave a space between each line. The amended complaint must stand complete on its own, include all claims and Defendants, and must not refer to the previous complaint. Plaintiff must not attach exhibits to her complaint. Instead, she must provide a short

and plain statement of each intended claim in the body of her complaint. *See* Fed.R.Civ.P. 8.  In addition, Plaintiff must clearly state how each named Defendant was involved in her allegations. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them).

Finally, Plaintiff's amended complaint must include numbered paragraphs.  For each claim, Plaintiff must briefly state what happened, which Defendants were involved, when it occurred, and what impact the event had on Plaintiff.   For instance, if Plaintiff intends to state a claim based on her living conditions, she should briefly describe the living conditions, where in the jail they occurred, when she was exposed to those conditions, and which Defendants knew about the conditions, but failed to take any action.  Finally, Plaintiff should indicate whether the living conditions had any impact on her health.  Plaintiff may include additional, unrelated claims only if those claims involved any of the same Defendants. *See George,* 507 F.3d at 607.

If Plaintiff fails to file an amended complaint by the deadline provided below, Plaintiff may proceed only with her excessive force claim against Defendant Harris.

Plaintiff has also filed a motion for appointment of counsel [4]. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on her own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied with leave to renew [4].

IT IS THEREFORE ORDERED:

1) The Court will allow Plaintiff additional time to file an amended complaint due to difficulty reading the document provided.  Plaintiff must file her proposed amended complaint on or before May 9, 2023.  Plaintiff MUST follow the directions provided in this order.

2) If Plaintiff fails to file an amended complaint by the deadline or fails to follow the Court's directions, Plaintiff will be allowed to proceed with her clearly stated excessive force claim against Defendant Harris.  All other intended claims and Defendants will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew [4].

4) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days of this order.

Entered this 17th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE